IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>vs.<br><br>ELWOOD PUBLIC SCHOOL DISTRICT, a Nebraska political subdivision; DAVID BLESSING, Individually and in his official capacity; ALLIED INSURANCE COMPANY, an Iowa corporation,<br><br>    Defendants. | CASE NO. 7:04CV5011<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION AND GRANTING PLAINTIFF LEAVE TO FILE A (SECOND REVISED) SECOND AMENDED COMPLAINT |

On April 14, 2005, Plaintiff John Doe filed his Second Motion for Reconsideration (Filing No. 113) and a Motion for Leave to File a Second Amended Complaint (Revised) (Filing No. 114).  The motion to reconsider is opposed by Defendant Allied Insurance Company (Filing No. 115).

Motions for reconsideration are "disfavored."  They will be granted only when the moving party can make "(1) a showing of manifest error in the prior ruling; or (2) a showing of new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence." NECivR 60.1(c).  Because I find no manifest error in the ruling, and because no new facts nor new legal authority has been presented to me that would warrant reconsideration, the Plaintiff's motion is denied. Specifically, I conclude there is no basis to reconsider my order dated April 8, 2005, or my order dated April 14, 2005.   I will elaborate briefly.

With regard to the April 8, 2005, Memorandum and Order, the summary judgment was granted in favor of Allied on the Plaintiff's § 1983 claim because, even taking the facts

alleged in the Complaint to be true, those facts did not allege a violation of a constitutional right that is required to state a claim under §1983. I have been advised of no facts nor any legal authority that might change that conclusion. Plaintiff has not identified -- in any of the numerous documents that he has filed since March 24, 2005 -- what facts or what additional discovery might change that legal conclusion. To permit the action to continue against Allied would be futile because the facts alleged, even if taken as true, do not describe a deprivation of constitutional dimension.

With regard to the April 14, 2005, Order, I note only that a federal court may raise an issue of jurisdiction at any time in the proceedings, and, where jurisdiction is not found, the court must dismiss the action. *See* Fed.R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action"); and *James Neff Kramper Family Farm Partnership v. IBP, Inc.,* 393 F.3d 828, 831 (8th Cir. 2005). Subject matter jurisdiction pursuant to 28 U.S.C. § 1332 was not alleged in the Complaint nor in the Amended Complaint. Moreover, it appears from the Amended Complaint that there was not complete diversity between the parties because the Defendant, Elwood Public School District, is a Nebraska political subdivision, and thus a Nebraska resident for purposes of diversity jurisdiction. A federal court does not have diversity jurisdiction unless there is diversity between all plaintiffs and all defendants. *Iowa Pub. Service Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 403-04 (8th Cir. 1977). Without original jurisdiction over the Plaintiff's remaining state law claim against Allied, I declined to exercise my supplemental jurisdiction. The Second (Revised) Amended Complaint that is attached to the Plaintiff's Motion for Leave (Filing No. 112) that the Plaintiff now seeks to allege jurisdiction pursuant to 28 U.S.C. § 1332, the caption of

the proposed Second (Revised) Amended Complaint continues to show that complete diversity does not exist.

While I seriously question whether the allegations state a claim for breach of fiduciary duty upon which relief may be granted under Rule 12(b)(6), I will grant Plaintiff leave to file a (second revised) second amended complaint that names AMCO as a defendant in place of Allied, alleges the factual basis for the Court's jurisdiction over AMCO, and alleges the breach of fiduciary duty claim.  The (second revised) second amended complaint shall be in substantially the same form as the attachment to filing no. 112, except that the second revised, second amended complaint may not contain a claim against AMCO based on 42 U.S.C. § 1983, and it may not name Allied Insurance Company as a defendant.  Plaintiff will be required to obtain service of process on AMCO Insurance Company or its waiver on or before April 29, 2005.

The Defendants shall not be required to answer the Amended Complaint now on file, but will be required to answer to the (second revised) second amended complaint on or before Wednesday, May 18, 2005.  This schedule will enable the Court and the counsel to use the progression hearing on Thursday, May 19, 2005, to advance the parties' interests.  For these reasons:

IT IS ORDERED:

1. Plaintiff's (First) Motion for Reconsideration and Request for Telephonic Hearing (Filing No. 98) is denied as moot;

2. Plaintiff's Motion for Leave to File Second Amended Complaint and Join Party-Defendant (Filing No. 102) is denied;

3. Defendants Elwood Public School District's and David Blessing's Motion for

      an Extension of Time to File Answer to Plaintiff's Amended Complaint (Filing No. 109) is denied as moot;

4.    Defendant Allied Insurance Company's Motion for Extension of Time to File Answer or Responsive Pleading to Plaintiff's Amended Complaint (Filing No. 110) is denied as moot;

5.    Plaintiff's Motion for Leave to File Second Amended (Revised) Complaint (Filing No. 112) is denied;

6.    Plaintiff's Second Motion for Reconsideration (Filing No. 113) is denied;

7.    Plaintiff is granted leave to file a (second revised) second amended complaint that complies with the directives in this Memorandum and Order, and Plaintiff shall serve the (second revised) second amended complaint on AMCO Insurance Company or obtain a waiver of service from it on or before April 29, 2005; and

8.    The Defendants shall answer or otherwise respond to the (second revised) second amended complaint on or before May 18, 2005.

DATED this 20th day of April, 2005.

                        BY THE COURT:

                        s/Laurie Smith Camp
                        Laurie Smith Camp
                        United States District Judge