IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN DOE,                                   )<br>                                                    )<br>           Plaintiff,                           )<br>                                                    )<br>     vs.                                            )<br>                                                    )<br>ELWOOD PUBLIC SCHOOL DISTRICT,   )<br>a Nebraska political subdivision;            )<br>DAVID BLESSING, individually and in his )<br>official capacity; and AMCO INSURANCE )<br>COMPANY, an Iowa Corporation,         )<br>                                                    )<br>           Defendants.                       )<br>                                                    ) | 7:04CV5011<br><br>ORDER |

This matter is before the court on plaintiff's SECOND MOTION TO COMPEL, TO DEEM RESPONSES TO REQUESTS FOR ADMISSIONS "ADMITTED" AND FOR AWARD OF REASONABLE ATTORNEY'S FEES (Filings 76, 77 & 78). The motion is directed toward defendants Elwood Public School District ("EPSD"), David Blessing ("Blessing"), and former defendant Allied Insurance Company ("Allied"). Plaintiff has substantially complied with NECivR 7.1(i).

The court has considered the responsive materials filed by the defendants (Filings 84 & 85 by Allied; Filings 103, 104 & 105 by EPSD & Blessing) and finds that plaintiff's motion should be denied.

## I. BACKGROUND

### *A. Factual Allegations*

The Second Amended Complaint[1] (#119) alleges that plaintiff, "John Doe," was

---

[1]Doe filed this action on March 31, 2004 against EPSD, Blessing and Allied Insurance Company (then thought to be EPSD's liability insurer). Plaintiff's claims against Allied were dismissed, *inter alia*, because Allied was not actually EPSD's liability insurance carrier. *See* Filings 95, 111 & 116. Plaintiff was ultimately granted leave to file a "(second revised) second amended complaint" naming AMCO Insurance Company ("AMCO") as a defendant and alleging a claim for breach of fiduciary duty against AMCO. The operative Second Amended Complaint was filed on April 21, 2005.

sexually abused by a teacher, Michael Kluck, who was employed by Elwood Public School District ("EPSD") between August 1992 and May 1994. The sexual assault allegedly occurred in 1993. Kluck resigned his position at EPSD in May 1994 and obtained a teaching position in Texas, where he sexually assaulted a Texas student, Justin Kelly. Kluck was convicted of child molestation and sentenced to probation.

Kluck returned to Nebraska and entered a sex offender treatment program. In 1997, Kluck confessed to a counselor and subsequently to the Gosper County Attorney that he had molested plaintiff Doe. The Gosper County Attorney notified Doe's parents and various employees of the school district, including defendant Blessing. AMCO is EPSD's insurance carrier.

Meanwhile, in 1996, EPSD was sued by Justin Kelly (*Kelly v. Elwood Public School District, et al.*) in Nebraska state district court on the ground that EPSD had provided a positive teaching reference for Kluck. AMCO provided liability insurance coverage and retained Dean Sitzmann to represent EPSD in the *Kelly* litigation. Sitzmann allegedly contacted Doe, who was then 21 years old, in April 2003 and advised Doe that he would be called to testify in the *Kelly* case; however, Doe could avoid testifying if he signed an affidavit denying that Kluck had molested him. Sitzmann allegedly prepared an affidavit stating that Doe was a student at EPSD while Kluck was a teacher and that Doe had no information regarding any inappropriate conduct by Kluck at any time. Doe agreed to sign the affidavit. Doe was not advised by of the legal consequences of his signing such an affidavit, or its effect on any cause of action Doe might have against Kluck.

On September 15, 2003, Doe signed a second affidavit in the *Kelly* case testifying that Kluck did, in fact, molest him in 1993 when Kluck was employed by EPSD. Doe admits that

-2-

he did not tell anyone, including his parents, that Kluck had molested him before he signed the September 2003 affidavit.

Doe now alleges that he has suffered severe psychological and emotional injury due to the teacher's sexual abuse and due to the actions of Blessing and AMCO in pressuring him to sign the "false" affidavit on April 7, 2003. He asserts claims pursuant to 42 U.S.C. § 1983 against EPSD and Blessing based on their deliberate indifference to Doe's asserted constitutional right "to be free from sexual molestation by employees of governmental entities"

- by failing to supervise Kluck,
- by maintaining a policy or custom of ignoring misconduct and failing to report child abuse;
- failing to train school employees to detect signs of abuse; and
- by Blessing's alleged malfeasance as a guidance counselor.

Doe claims Blessing is liable under § 1983 due to his alleged agreement with Defense Counsel to protect EPSD from liability in the *Kelly* case by preventing Doe from discovering his causes of action against EPSD and Blessing and causing Doe to sign the April 7, 2003 "false affidavit," thus impairing Doe's liberty interest in due process, his right to a jury trial, his "right to be free from deliberate abuse of process," and his "right to be free from psychological trauma." Doe has also raised state law claims for negligent supervision and retention against EPSD and for breach of fiduciary duty against AMCO and Blessing.   **B.   *The Requests for Admissions***

The following Requests for Admissions, served on both EPSD and Blessing, are at issue:

-3-

>   **REQUEST FOR ADMISSION NO. 2:** Admit that Dean Sitzmann was acting as an agent of Elwood Public School District when he drafted the affidavit of John Doe.
>   **RESPONSE:**   [by EPSD & Blessing] Admit that Dean Sitzmann was acting in his capacity as defense counsel for EPSD when he drafted the Affidavit ...
>
>   **REQUEST FOR ADMISSION NO. 3:** Admit that Dean Sitzmann was acting as an agent of Elwood Public School District when he contacted John Doe to ask him to sign the April 7, 2003 Affidavit of John Doe.
>   **RESPONSE:**   [by EPSD & Blessing] Admit that Dean Sitzmann was acting in his capacity as defense counsel for EPSD when he contacted the plaintiff concerning the information contained in the Affidavit ...
>
>   **REQUEST FOR ADMISSION NO. 4:** Admit that Dean Sitzmann used the April 7, 2003 affidavit of John Doe in the *Kelly* litigation in his capacity as an agent of Elwood Public School District.
>   **RESPONSE:**   [by EPSD & Blessing] Admit that the plaintiff's Affidavit dated 04/07/03 was used by Dean Sitzmann in his capacity as defense counsel for defendant EPSD in the case of *Justin Patrick Kelly v. Elwood Public School District, et al.*, previously venued in Gosper County District Court, Case No. CI01-20.

The following requests for admissions, served on defendant Blessing, are also at issue:

>   **REQUEST FOR ADMISSION NO. 5:** Admit that Dean Sitzmann was acting as an agent of Allied Insurance Company when he drafted the affidavit of John Doe.
>   **RESPONSE:**   This Request for Admission is seeking a response from defendant Blessing on an issue of legal distinction rather than an issue of fact and therefore invades the province of the trier of fact....
>
>   **REQUEST FOR ADMISSION NO. 6:** Admit that Dean Sitzmann was acting as an agent of Allied Insurance Company when he contacted John Doe to ask him to sign the April 7, 2003 Affidavit John Doe.
>   **RESPONSE:**   This Request for Admission is seeking a response from defendant Blessing on an issue of legal distinction rather than an issue of fact and therefore invades the province of the trier of fact....

Plaintiff's brief explains that these requests are "aimed at the issue of Blessing's and Sitzmann's agency at the time they contacted [plaintiff] to posit that he sign the false affidavit"

and "aimed at evidence relating to [plaintiff's] cause of action for breach of fiduciary duty by Sitzmann and Blessing." (Filing 77 at p. 2). Defendants contend that their responses are proper in light of plaintiff's attempt to "force" them into making legal distinctions and conclusions as to plaintiff's theory that there was some kind of agency relationship. (*See* Filing 103 at p. 3).

## LEGAL ANALYSIS

Under Rule 36 of the Federal Rules of Civil Procedure, a party may serve a request for admission on another party on matters "that relate to statements or opinions of fact or of the application of law to fact.... [W]hen good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." Fed. R. Civ. P. 36(a).

The purpose of Fed. R. Civ. P. 36(a) is to expedite trial by eliminating the necessity of proving undisputed issues and thus narrowing the range of issues for trial. *See, e.g., Workman v. Chinchinian*, 807 F. Supp. 634, 647 (E.D. Wash. 1992); *Lakehead Pipe Line Co.*, 177 F.R.D. at 457-58. "Requests for admissions are not a discovery device." *Lakehead Pipe Line Co., Inc. v. American Home Assurance Co.*, 177 F.R.D. 454, 458 (D. Minn. 1997); *see Henry v. Champlain Enter., Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003). Requests for admission may not be used as a means to establish facts which are obviously in dispute or to answer questions of law, and requests for admissions of law which are related to the facts of the case are considered to be inappropriate. *Lakehead Pipe Line Co.*, 177 F.R.D. at 458.

"Where a party has answered or objected to a request, the party seeking discovery may move for a judicial determination of the sufficiency of the answers and whether any objections were justifiable. [Fed. R. Civ. P. 36(a)]. Among other things, the court then

considers whether any qualifications were made in good faith.... Answers that are evasive must be amended." *Tri-State Hospital Supply Corporation v. United States*, 226 F.R.D. 118, 138 (D.D.C. 2005) (citations omitted).

As the court observed in *Henry v. Champlain Enter.*,

> The intended impact of an admission is to conclusively establish the admitted fact unless the court permits a withdrawal or amendment of the admission. Fed. R. Civ. P. 36(a).
> There will be times, however, when the answer cannot be a succinct yes or no, and a qualification of the response is indeed necessary. Under these circumstances, the answering party is obligated to specify so much of its answer as true and qualify or deny the remainder of the request.... "Generally, qualification is permitted if the statement, although containing some truth, ... standing alone out of context of the whole truth ... convey[s] unwarranted unfair references."... These qualifications are to provide clarity and lucidity to the genuineness of the issue and not to obfuscate, frustrate, or compound the references.

212 F.R.D. at 77-78 (citations omitted).

Turning to the requests at issue, the court finds that defendants' responses to Requests Nos. 2, 3, and 4 are appropriately qualified. The defendants have satisfactorily explained that they do not wish to admit any unqualified agency relationship involving Mr. Sitzmann. Their responses effectuate the purpose of Rule 36 by specifically describing Sitzmann's role in the *Kelly* litigation.

The court further finds that defendant Blessing's objections to Requests Nos. 5 and 6 should be sustained. Those requests inappropriately seek admissions of law which are related to the facts of the case. *See Lakehead Pipe Line Co.*, 177 F.R.D. at 458. In any event, there are no longer any claims pending against Allied Insurance Company.[2]

---

[2] To the extent plaintiff's motion pertains to any requests for admissions served on Allied Insurance Company, the motion is denied as moot, as all claims against Allied have been dismissed.

*Costs and Sanctions*

Fed. R. Civ. P. 37(a)(4)(B) provides:

> If the motion [to compel] is denied, the court ... shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

The court finds that the circumstances of this incident would make an award of expenses unjust and declines to award costs or fees to either party.

## ORDER

For the reasons discussed herein,

**IT IS ORDERED** that plaintiff's SECOND MOTION TO COMPEL, TO DEEM RESPONSES TO REQUESTS FOR ADMISSIONS "ADMITTED" AND FOR AWARD OF REASONABLE ATTORNEY'S FEES (Filings 76) is denied in its entirety.

Pursuant to NECivR 72.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order is clearly erroneous or contrary to law.

**DATED July 13, 2005.**

        **BY THE COURT:**

        **s/ F.A. Gossett**
        **United States Magistrate Judge**