IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN DOE, | ) | CASE NO. 7:04CV5011 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| ELWOOD PUBLIC SCHOOL DISTRICT, a Nebraska political subdivision; DAVID BLESSING, Individually and in his official capacity; and AMCO INSURANCE COMPANY, an Iowa corporation, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Motion to Dismiss and in the Alternative Motion to Strike (Filing No. 147) by Defendant AMCO Insurance Company ("AMCO"). AMCO submitted a brief and reply brief in support of its Motion (Filings No. 162 and 166), and the Plaintiff, John Doe ("Doe"), submitted a brief and index of evidence in opposition (Filings No. 162 and 163). For the reasons stated below, AMCO's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) will be granted.

## FACTS

For purposes of the Court's review of AMCO's Motion to Dismiss, the following allegations in Doe's Second Amended Complaint (Filing No. 119) are accepted as true: Doe is a Nebraska resident, and AMCO is an Iowa corporation. (*Id.* ¶1). In 1993, when Doe was a student in Nebraska's Elwood Public School District ("EPSD"), a teacher sexually molested him. (*Id.* ¶7). In 1997, the teacher confessed, and Doe's parents and EPSD were notified. (*Id.* ¶9). In 1999, "Kelly," another victim of the teacher, sued EPSD. (*Id.* ¶11). AMCO provided insurance coverage and legal counsel for EPSD in the lawsuit brought by Kelly. (*Id.*). In April of 2003, a representative of AMCO contacted Doe, who

was then over the age of 21. (*Id.* ¶12). AMCO's retained counsel encouraged Doe to sign an affidavit for use in the *Kelly* case, although the retained counsel knew the affidavit was false. (*Id.* ¶¶13, 14, 15). Doe signed the affidavit, denying that he had been molested by the EPSD teacher. (*Id.* ¶14).

Doe contends that AMCO's retained counsel, while acting as an agent of AMCO, breached a fiduciary duty to Doe and caused him to suffer "compounded emotional injury, pain and suffering, emotional trauma and confusion, and psychological damage." (*Id.* ¶¶16, 42, 43). Doe alleges that his general, special and consequential damages exceed $75,000. (*Id.* ¶51A). "Doe has also suffered potential impairment of his cause of action against EPSD, for whom . . . AMCO's retained counsel and AMCO were . . . working when they pressured DOE into signing an affidavit they knew to be false." (*Id.* ¶16).

## STANDARD OF REVIEW

In considering a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6), the Court must assume all the facts alleged in the complaint are true, and the Court must liberally construe the complaint in the light most favorable to the Plaintiff. *Schmedding v. Tnemec* Co., 187 F.3d 862, 864 (8th Cir. 1999). A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears, beyond a doubt, that the plaintiff can prove no set of facts which would allow relief. *Id.* Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, some insuperable bar to relief. *Id.*

**DISCUSSION**

The Court's subject matter jurisdiction over Doe's claim against AMCO is pursuant to 28 U.S.C. § 1332, based on diversity of the parties. Because Nebraska is both the forum state and the state in which the events occurred, Nebraska substantive law applies. *Carson v. National Bank of Commerce Trust and Sav.*, 501 F.2d 1082, 1083 (8th Cir. 1974).

AMCO argues that the Second Amended Complaint fails to state a claim upon which relief can be granted under Nebraska law, because (1) the alleged facts fail to demonstrate any fiduciary relationship between Doe and the lawyer who obtained Doe's affidavit, and (2) the alleged facts fail to demonstrate an agency relationship between the lawyer and AMCO.

<u>*Fiduciary Relationship*</u>

"The existence of a fiduciary duty and the scope of that duty are questions of law for a court to decide." *American Driver Service, Inc. v. Truck Insurance Exchange*, 631 N.W.2d 140, 145 (Neb. App. 2001). "[T]he only obligation an attorney has in Nebraska is to his or her client, and not to any third party." *Earth Science Laboratories, Inc. v. Adkins & Wondra, P.C.,* 523 N.W.2d 254, 256 (Neb. 1994). "A lawyer's duty is to his or her client and does not extend to third parties absent some facts which establish a duty." *Gravel v. Schmidt*, 527 N.W.2d 199, 203 (Neb. 1995).

Of course, a lawyer may be liable at common law for tortious conduct, such as deceit or collusion, and may be subject to disbarment if he or she intentionally deceives a court, judge, or a party to an action or proceeding. *See Abel v. Conover*, 104 N.W.2d 684, 692 (Neb. 1960); and Neb. Rev. Stat. § 7-106 (Reissue 1997). Perjury and the

3

suborning of perjury are also Class III felonies under Nebraska law (Neb. Rev. Stat. § 28-915 (Reissue 1995)), carrying penalties of up to 20 years imprisonment, $25,000 fines, or both (Neb. Rev. Stat. § 28-105 (Reissue 1995)), and may be prosecuted within three years after the commission of the offense (Neb. Rev. Stat. § 29-110(1)(Reissue 1995)).

Accepting the very serious allegations in the Second Amended Complaint as true for purposes of the pending motion only, the lawyer retained by AMCO to represent EPSD in the *Kelly* case intentionally suborned perjury from Doe in order to deceive a court, judge or party to an action. Doe was an adult, and chose to commit perjury in the 2003 affidavit to avoid being called to testify in court. Doe's first-hand knowledge of the facts of the alleged molestation was superior to whatever hearsay information the lawyer may have had. Only Doe and his alleged molester truly knew whether Doe was committing perjury or not. Doe now complains that his own perjury in the *Kelly* case may impair his civil action against EPSD.

If the allegations in the Second Amended Complaint are true, the lawyer in question may be subject to disbarment and/or criminal prosecution; Doe may be subject to criminal prosecution; and Kelly may have a common law action against them both for tortious deceit and collusion that may have impaired his cause of action against EPSD. The array of serious consequences provided under Nebraska law[1] for the conduct alleged in the Second Amended Complaint does *not* include any cause of action accruing in Doe's favor against

---

[1] If the Plaintiff's lawyers in fact had unprivileged knowledge that the lawyer retained by AMCO to represent EPSD in the *Kelly* case suborned perjury or otherwise violated the Code of Professional Responsibility, the Plaintiff's lawyers had an affirmative duty to report such information to the Counsel for Discipline or "other authority empowered to investigate or act upon such violation." Code of Professional Responsibility, DR 1-103(A).

the lawyer (and consequently AMCO, if agency were to be shown) for breach of any fiduciary duty to Doe.

*Agency*

"An agency is a fiduciary relationship resulting from one person's manifested consent that another may act on behalf and subject to the control of the person manifesting such consent and, further, resulting from another's consent to so act." *First Colony Life Ins. Co. v. Gerdes*, 676 N.W.2d 58, 64 (Neb. 2004). An agency relationship exists only when the principal has "the right to exercise control" over the agent. *Haag v. Bongers*, 589 N.W.2d 318, 331 (Neb. 1999). When determining whether an agency relationship exists, "control or right of control is the chief factor to be considered . . . ." *Smith v. Butler Manufacturing Co.*, 433 N.W.2d 493, 496 (Neb. 1988).

"An agent is authorized to do, and to do only, what it is reasonable for the agent to infer that the principal desires the agent to do . . . ." *Crosby v. Luehrs*, 669 N.W.2d 635, 647 (Neb. 2003). "If the agent has reason to know the will of the principal, the agent's duty is not to act contrary to it." *Id.* "[T]he agent has an obligation to . . . act solely for the principal's benefit in all matters connected with the agency, and to adhere faithfully to the instructions of the principal . . . ." *First Colony Life*, 676 N.W.2d at 64.

Whether or not AMCO selected and paid the lawyer retained to represent EPSD in the *Kelly* case, AMCO had no right to control the lawyer's conduct. The lawyer's client was EPSD. At the time of the events in question, the Nebraska Supreme Court enforced the Code of Professional Responsibility,[2] that provided:

---

[2]Nebraska Supreme Court Disciplinary Rule 3(B)(January 1, 2001).

EC 5-21
The obligation of a lawyer to exercise professional judgment solely on behalf of his or her client requires that the lawyer disregard the desires of others that might impair the lawyer's free judgment.
. . . .

EC 5-23
. . . .
Since a lawyer must always be free to exercise his or her professional judgment without regard to the interests or motive of a third person, the lawyer who is employed by one to represent another must constantly guard against erosion of his or her professional freedom.

DR 5-107(B) A lawyer shall not permit a person who recommends, employs, or pays him or her to render legal services for another to direct or regulate the lawyer's professional judgment in rendering such legal services.

A Nebraska lawyer retained by an insurance company to represent an insured party in litigation must exercise professional judgment solely on behalf of the client, and, therefore, cannot be an "agent" of the insurance company.

## CONCLUSION

The Second Amended Complaint does not state a claim against AMCO upon which relief can be granted.  Because the Plaintiff has twice been granted the opportunity to amend his complaint, and because it does not appear that the Second Amended Complaint can be amended to state any cause of action against AMCO, the Plaintiff's claims against AMCO will be dismissed with prejudice.

IT IS ORDERED:

1) Defendant AMCO's Motion to Dismiss (Filing No. 147) is granted;

2) The Plaintiff's existing claims against AMCO Insurance Company are dismissed, with prejudice;

3) The caption will be amended to delete the reference to AMCO Insurance Company.

DATED this 5th day of August, 2005.

                                           BY THE COURT:

                                           s/Laurie Smith Camp
                                           United States District Judge