IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN DOE,                                )<br>                                          )<br>     Plaintiff,                          )<br>                                          )        **7:04CV5011**<br>     v.                                   )<br>                                          )        **SECOND AMENDED**<br>ELWOOD PUBLIC SCHOOL DISTRICT, a         )        **FINAL PROGRESSION ORDER**<br>**Nebraska political subdivision, and**    )<br>DAVID BLESSING, **individually and in his** )<br>**official capacity,**                     )<br>                                          )<br>     Defendants.                         )   | |

**IT IS ORDERED:**

1. **Deposition Deadline.** All depositions, whether or not they are intended to be used at trial, shall be completed by **May 26, 2006.** All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served sufficiently early to allow rule time response before that date. Counsel may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, as amended, but such extensions shall not extend any of the dates in this order; any requests for extensions of any of the deadlines herein shall be made by appropriate motion and order.

2. **Disclosure of Expert Witnesses.** The record (Filings 184 & 193) shows that the parties have served the statements required by Fed. R. Civ. P. 26(a)(2) regarding each expert witness they expect to call to testify at trial pursuant to the provisions of Rule 702, 703 or 705, Fed. Rules of Evidence. If necessary to refute the disclosed opinions of an expert witness of an opponent, a party may disclose additional expert witnesses not later than **fifteen (15) days** prior to the date set for completion of depositions, provided that the disclosing party then provides all of the information described in Fed. R. Civ. P. Rule 26(a)(2) and makes the expert witness available for deposition prior to the date set for completion of deposition. Supplementation of these disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e). The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph.

3. **Pretrial Disclosures:** Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall provide to all other parties the following information regarding the evidence that it may present at trial other than solely for impeachment purposes as soon as practicable but not later than the date specified:

   A. **Nonexpert Witnesses** - On or before **August 25, 2006**: The name, address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

   B. **Deposition Testimony and Discovery** - On or before: **August 25, 2006**: 1) The portions of each deposition, designated by page and line, that it intends to offer and 2) each discovery response of another party it intends to offer. Such designations and any objections thereto shall also be included in the final pretrial conference order. *See* NECivR 16.2.

   C. **Trial Exhibits** - On or before **August 25, 2006**: A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits. The parties shall also designate on the list those exhibits it may offer only if the need arises.

   D. **Waiver of Objections:** Any objections to the use of witnesses, deposition designations, discovery responses, or exhibits shall be listed in the pretrial order. Failure to list objections (except those under Fed. R. Evid. 402 and 403) shall be deemed waived, unless excused by the court for good cause shown.

   E. **Filing of Disclosures:** The filing of pretrial disclosures required by Fed. R. Civ. P. 26(a)(3) shall be deemed filed at the time of the filing of the Order on Final Pretrial Conference in this matter.

4. **Motions *in Limine*.**

   A. *Daubert* **Motions.** Any motion in limine challenging the admissibility of testimony of an expert witness under Rule 702, Fed. Rules of Evidence shall be filed on or before **May 26, 2006**, in the absence of which any objection based upon said rule shall be deemed waived. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999); *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

   B. Any other motions *in limine* shall be filed not later than **August 25, 2006.**

 5. All motions for summary judgment shall be filed on or before **June 23, 2006.** *See* NECivR 56.1 and 7.1.

 6. The Final Pretrial Conference will be held before Magistrate Judge F.A. Gossett on **Tuesday, September 5, 2006 at 1:00 p.m. in North Platte, Nebraska**. The final pretrial conference shall be attended by lead counsel for represented parties. Counsel shall complete prior to the pretrial conference, all items as directed in NECivR 16.2. By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin at any time during the session indicated below.

 7. A **jury trial** is set to commence on **October 10, 2006 at 8:30 a.m.** in North Platte, Nebraska before the Honorable Laurie Smith Camp.

 8. On or before **August 28, 2006**, the parties are to provide a status report regarding settlement negotiation. The report shall be in the form of a letter to the undersigned magistrate judge from the plaintiff on behalf of all of the parties. The status report may be sent by e-mail to gossett@ned.uscourts.gov.

 9. **Motions to Alter Dates.** All requests for changes of date settings shall be directed to the undersigned magistrate judge by appropriate motion.

 **DATED March 9, 2006.**

        **BY THE COURT:**

        **s/ F.A. Gossett**
        **United States Magistrate Judge**