IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN DOE, | ) | CASE NO. 7:04CV5011 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | ON MOTION TO QUASH |
| ELWOOD PUBLIC SCHOOL DISTRICT, a Nebraska political subdivision, and DAVID BLESSING, individually and in his official capacity, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on a Motion to Quash and a Statement of Appeal filed by Dean Sitzmann. Sitzmann is not a party to this case and he is not counsel of record for any party in this case. However, Sitzmann is an attorney, and he represented the Elwood Public School District ("District") and its former superintendent, David Wade, in his individual and official capacities, in connection with a previously-filed lawsuit captioned *Kelly v. Elwood Public School District.* (Filing No. 224, Ex. A, *Kelly* Complaint). Sitzmann became aware of Doe, and Doe provided sworn affidavits in the *Kelly* case. The *Kelly* case is now concluded.

Sitzmann provided a deposition in the present case on February 14, 2006. (Filing No. 224, Ex. N). At the direction of counsel, Sitzmann refused to answer some questions claiming that the responses were protected by attorney-client and work-product privileges. Doe filed a motion to compel answers to these questions, and Magistrate Judge Gossett granted the motion and ordered Sitzmann to respond to these questions during a second deposition. Doe served a Rule 45 subpoena upon Stizmann, and in response to the subpoena, Stizmann filed a motion to quash and, in the alternative, a Motion for Leave to

file a Statement of Appeal of Magistrate Judge's Gossett's order compelling him to answer the questions.  Magistrate Judge Gossett granted Sitzmann's motion for leave to appeal, and Sitzmann's Statement of Appeal is deemed submitted.  (Filing Nos. 250, 247).  *See also Stacey v. Caterpillar, Inc.*, 901 F.Supp. 244, 246 (E.D.Ky. 1995)(permitting non-party with insufficient knowledge of the appeal procedure to take an untimely appeal of the magistrate judge's order denying a motion to quash.)

## ANALYSIS

### Statement of Appeal

In his Statement of Appeal, Sitzmann argues that the Magistrate Judge erred in reaching the merits of the motion to compel because the requirements of Fed. R. Civ. P. 37 and NECivR 7.1(i) had not been satisfied.  Doe contends that his counsel satisfied the notice requirements by serving the motion to compel upon the Defendants' attorney and engaging the Defendants' attorney in discussions related to an informal resolution of the issues presented in the motion to compel.  For the reasons stated herein, I agree with Sitzmann's position.

Plaintiff's counsel deposed Sitzmann on February 14, 2006.  During that deposition, Sitzmann was represented by his own attorney.  (Filing No. 224, Ex. N at 1).  Upon advice of his counsel, Sitzmann did not answer certain deposition questions on the basis that the questions sought information protected by the attorney-client privilege and the work product doctrine.  In response, Plaintiff filed a motion to compel answers to these questions.  (Filing No. 223).  The motion to compel was served on the Defendants' counsel, but not on Sitzmann or Sitzmann's counsel.  (Filing No. 223 at p. 8, and Filing No.

249, Snowden Aff. ¶¶ 2-6). On December 18, 2006, Magistrate Judge Gossett granted the Plaintiff's motion to compel, and a copy of the order was electronically served upon attorneys for the Plaintiff and for the Defendants, but not upon Sitzmann's attorney. There is no indication on the docket sheet that the Court sent a paper copy to Sitzmann or his attorney. (Filing No. 240, Notice of Electronic Filing.) Plainly, Sitzmann did not have an opportunity to respond to the motion to compel or to appeal the Magistrate Judge's memorandum and order within the time permitted by the rules.

Plaintiff contends that Stizmann was acting in an agency relationship to the Elwood Public School District in connection with the *Kelly* lawsuit, and so he lacks standing to raise an appeal separately from the District or Blessing. This argument might have been persuasive if Sitzmann had not been represented by his own counsel during the February 14, 2006 deposition. Because Sitzmann retained his own counsel and was not represented by the District's attorney during his February 14, 2006 deposition, I reject the Plaintiff's agency argument.

Plaintiff's counsel had an obligation to keep Sitzmann's attorney apprised of the discovery developments in the case that directly affected Sitzmann. Federal Rule of Civil Procedure 37 expressly contemplates that non-parties may be affected by discovery proceedings, including motions to compel. Rule 37 authorizes a party to file a motion to compel "upon reasonable notice to other parties and all persons affected thereby . . ." It is undisputed that Sitzmann was not served with the motion to compel, and Sitzmann did not have actual notice of the motion to compel or of Judge Gossett's order for several weeks after they were filed. (Snowden Aff. ¶¶ 2-6). Under the circumstances of this case, where Sitzmann is not a party to the action, is not counsel of record, was represented by

his own attorney during the February 14, 2006 deposition, and has interests that are or could be separate and distinct from his former clients' interests, I conclude that he was entitled to "reasonable notice" of the motion as required by Rule 37. In addition, because Sitzmann was represented by his own attorney during the February 14, 2006 deposition, Doe's counsel should have conferred with Sitzmann's counsel in the spirit, if not the letter, of NECivR 7.1(i).[1]

The Court may modify or set aside any portion of a magistrate judge's order on a nondispositive matter that is found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); NECivR 72.1(b)(2). Because Sitzmann was not given proper notice of the proceedings that directly affected him, the Magistrate Judge considered the issue without the benefit of Sitzmann's position and his sealed affidavit[2]. For that reason, I do not think further review of the Magistrate Judge's Memorandum and Order dated December 18, 2006, on the merits would be particularly productive. Accordingly, the appeal is granted and the Memorandum and Order is reversed and set aside. I will consider the merits pursuant to Sitzmann's Motion to Quash.

---

[1] The local rule refers to "parties" but can fairly be construed to include non-parties whose interests are affected by the discovery dispute. "[T]his court will not consider any discovery motion unless counsel for the moving party, as part of the motion, shows in writing that after personal consultation with counsel for opposing parties and sincere attempts to resolve differences, they are unable to reach an accord." NECivR 7.1(i). "Personal consultation" is defined to include "person-to-person conversation, either in the physical presence of each counsel or on the telephone. . . ." (*Id.*)

[2] Sitzmann's affidavit was mailed directly to the undersigned, without -- as Doe correctly points out – the required motion for leave to file a document under seal. NECivR 7.5(a)(1). Despite Sitzmann's failure to follow the proper procedure, which I find caused no unfair prejudice to the Plaintiff, I conclude that the affidavit is material to the resolution of the issues presented, that the Court informed the Plaintiff of the affidavit's existence by filing it under seal, and that it contains privileged information and is appropriate only for *in camera* review.

**Motion to Quash**

In its discretion, the Court may quash or modify a subpoena for one of several reasons, including that the subpoena requires disclosure of privileged or protected matter. Fed.R.Civ.P. 45(c)(3)(A)(iii).  *See Pointer v. DART*, 417 F.3d 819, 821 (8th Cir. 2005). Sitzmann seeks to quash the subpoena because he contends that the information that Doe seeks is protected by the attorney-client privilege and the work product doctrine.

Because the Plaintiff has sued the defendants for a violation of their constitutional rights under 42 U.S.C. § 1983, the federal law of privilege applies. Fed. R. Evid. 501. The Eighth Circuit Court has noted that the party who claims the benefit of the attorney-client privilege has the burden of establishing the right to invoke its protection. *Diversified Indus., Inc. v. Meredith,* 572 F.2d 596, 609 (8th Cir. 1978) (en banc).

The attorney-client privilege protects "confidential communications between an attorney and his client." These communications "are absolutely privileged from disclosure against the will of the client." *Id.* The work-product doctrine protects "information or materials assembled by or for a person in anticipation of litigation or in preparation for trial . . . from disclosure to an opposing party." *Id.* The "work-product doctrine . . . also protects . . the attorney's mental impressions, including thought processes, opinions, conclusions, and legal theories." *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1328 (8th Cir. 1986) citing *Hickman v. Taylor*, 329 U.S. 495, 511 (1947). The work-product doctrine is the basis for Fed. R. Civ. P. 26(b)(3).

The Eighth Circuit Court has permitted a party to depose an opposing party's attorney about facts that became known to the attorney through his representation of a client in a concluded litigation, under certain circumstances. *See Pamida, Inc. v. E.S.*

*Originals, Inc.*, 281 F.3d 726, 729-30 (8th Cir. 2002). Because there is little risk that an attorney's trial strategy in pending litigation would be revealed upon discovery of matters related to concluded litigation, the *Pamida* Court held that the deposition of opposing counsel would be allowed on issues central to the pending litigation, but only upon a showing that "there ha[d] been a waiver of the attorney-client privilege[,] and that the work product privilege ha[d] either been waived or that the standard or the Federal Rule of Civil Procedure 26(b)(3) ha[d] been satisfied." *Pamida,* 281 F.3d at 731. The Rule 26(b)(3) standard would require Doe to show that he has substantial need of the materials to prepare his case *and* that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. *Id.*

Sitzmann has asserted the privileges in refusing to answer certain deposition questions, and he has the burden to show that the privileges apply. In the pending litigation, the District's former and current superintendents have asserted the attorney-client privilege in their depositions, and they have testified that they are not willing to give Sitzmann permission to testify in response to certain questions to which he has previously asserted their privilege. The questions relate to Sitzmann's knowledge of Doe and Doe's involvement in the *Kelly* litigation. (Filing No. 224, Ex. P at 7-11; and Ex. Q at 4-10).

Sitzmann asserted his clients' attorney-client privileges during his own deposition. Sitzmann's sealed affidavit identifies the person from whom Sitzmann learned of Doe, and that the person was Sitzmann's client at the time of the communication. Based on my *in camera* review of the sealed affidavit, I find that the client's communication was made for the purpose of assisting Sitzmann's representation of the District and Wade in the *Kelly* litigation and with the intent that the communication remain secret. I find that the

6

communications between his clients and Sitzmann regarding Doe that occurred during the pendency of the Kelly litigation are privileged. I also find, based on the evidence presented by the Plaintiff and the evidence contained in Sitzmann's affidavit, that the circumstances surrounding the preparation of Doe's affidavit, including the timing of the communications between Sitzmann and his client(s), are protected by the attorney-client privilege and the work-product doctrine. Given the posture of the pending litigation, I conclude that the privileges extend to protect against disclosing when the communication(s) were made because the timing of the communications could be used to identify who made the communications and for what purpose in terms of Sitzmann's *Kelly* litigation strategy.

Doe argues that the attorney-client and work product privileges have been waived. Doe has the burden of establishing the waiver. Doe argues that because the Elwood Public School District and David Blessing did not file a Statement of Appeal to the Magistrate Judge's Order, they have waived their right to assert the attorney-client privilege. I disagree, at least with regard to the District. A waiver is a voluntary relinquishment of a known right that can be expressly communicated or implied from the circumstances.

There is no evidence before this Court of an express waiver of the attorney-client privilege. To my knowledge, the District's representatives have not convened, agreed, and expressed their willingness to waive the District's attorney-client privilege. No one who has actual or apparent authority, such as a superintendent, has waived the privilege. (Filing No. 224, Ex. P at 7-11; and Ex. Q at 4-10). Accordingly, I conclude that Doe has failed to demonstrate that the attorney-client privilege has been expressly waived.

A waiver of an attorney-client privilege can also be implied. For instance, "[u]nder Nebraska law, an implied waiver of the attorney-client privilege occurs when '(1) assertion

7

of the privilege was a result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to his defense.'" *Pamida, Inc.*, 281 F.3d at 731 (*quoting League v. Vanice*, 374 N.W.2d 849, 856 (Neb. 1985)). I conclude that a waiver of the privilege cannot be implied under the circumstances presented here. Neither of the *Kelly* defendants, the District and Wade, nor any other employee of the District took any affirmative act that required the assertion of the privilege, such as commencing litigation, and they did not put the protected information at issue by making it relevant to the case.

Finally, I also conclude that the evidence sought from Sitzmann is not central to the pending litigation. By this ruling, Doe is not being denied access to information that is vital to his claims. Doe has first-hand knowledge of the material events associated with the execution of his *Kelly* affidavits. He may testify as to the facts and circumstances surrounding his execution of the documents. In addition, Doe has information about the events surrounding his involvement in the *Kelly* case from independent witnesses such as his parents and Judge Clark. An attempt to discover corroborating evidence is not a sufficient reason overrule Sitzmann's assertion of the work product privilege or to invade an attorney-client privilege.

This Court has already dismissed claims brought by Doe against the insurance company pursuant to 42 U.S.C. § 1983 based on his failure to state a violation of federal statute or of a constitutional right. Doe argues that the information he seeks from Sitzmann goes to his "revictimization." The Court knows of no claim upon which relief can be granted

based on a theory of revictimization. Even if I assume to be true (as the Plaintiff's expert may be prepared to state), that a person who has been the victim of sexual abuse is further emotionally or psychologically damaged by publicly denying, or by being pressured or persuaded to publicly deny, that the abuse occurred, this ruling does not preclude Doe from offering such evidence as it relates to his damages.

### Conclusion

The evidence before this Court is that Sitzmann's and his former clients have properly asserted the protection of the attorney-client privilege as it relates to the topics that are the subject of the Rule 45 subpoena. There is no evidence to support Doe's claim that the attorney-client and work-product privileges have been waived. For all these reasons, the Magistrate Judge's Order must be reversed, the Plaintiff's motion to compel is denied as to Sitzmann, and Sitzmann's Motion to Quash is granted in all respects.

IT IS ORDERED:

1. Dean Sitzmann's appeal (Filing No. 247) is granted;
2. The Magistrate Judge's Memorandum and Order dated December 18, 2006 (Filing No. 240), is reversed and set aside;
3. Plaintiff's Motion to Compel and for Attorney Fees (Filing No. 223) is denied in all respects; and
4. Non-party Sitzmann's Motion to Quash (Filing No. 247) is granted in all respects.

DATED this 15th day of March, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge