## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JOHN DOE,** | ) | **CASE NO. 7:04CV5011** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **ELWOOD PUBLIC SCHOOL** | ) | |
| **DISTRICT, a Nebraska political** | ) | |
| **subdivision, and DAVID BLESSING,** | ) | |
| **individually and in his official** | ) | |
| **capacity,** | ) | |
| | ) | |
| **Defendants.** | ) | |

The matter before the Court is the Plaintiff's Motion for Recusal (Filing No. 257), in which the Plaintiff John Doe ("Doe") asks this Court for an order recusing the undersigned, Judge Laurie Smith Camp, and Magistrate Judge F. A. Gossett.[1]  Doe has submitted a brief in support and an index of evidence along with his motion (Filing Nos. 258–59), and the Defendants have submitted a brief in opposition (Filing No. 260).  Pursuant to 28 U.S.C. § 455(a), "[a]ny . . . judge . . . of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned."[2]  Further, 28 U.S.C. § 455(b)(1) states that "[s]he shall also disqualify [her]self . . . [w]here [s]he has a personal

---

[1]There is no statutory reference in the Plaintiff's Motion for Recusal; however, the Plaintiff's brief in support cites to 28 U.S.C. § 455, and quotes language from § 455(a) and § 455(b)(1).

[2]"In a recent discussion regarding the proper administration of § 455(a), Chief Justice Rehnquist noted that '[t]his inquiry is an objective one, made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances.'" Christopher Riffle, Note, *Ducking Recusal: Justice Scalia's Refusal to Recuse Himself from* Cheney v. United States District Court for the District of Columbia, *541 U.S. 913 (2004), and the Need for a Unique Recusal Standard for Supreme Court Justices*, 84 Neb. L. Rev. 650, 657 (citing *Microsoft Corp. v. United States,* 530 U.S. 1301, 1302 (2000)).

bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts

concerning the proceeding."[3]

After reviewing Doe's motion, brief in support, and index of evidence, I conclude that

a reasonable observer informed of all the surrounding facts and circumstances would not

question this Court's impartiality.  Additionally, neither the undersigned nor Judge Gossett

has any personal bias or prejudice against either party, nor against any of the lawyers for

the parties, and neither judge has personal knowledge of disputed evidentiary facts.

Accordingly,

IT IS ORDERED: The Plaintiff's Motion for Recusal (Filing No. 257) is denied.

DATED this 19th day of April, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[3]"If one of the provisions of section 455(b) applies then disqualification is mandatory whether or not a reasonable person would question the judge's impartiality." *Renteria v. Schellpeper*, 936 F. Supp. 691, 697 (D. Neb. 1996) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859 n.8 (1988)).