IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN DOE, | ) | CASE NO. 7:04CV5011 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ELWOOD PUBLIC SCHOOL | ) | |
| DISTRICT, a Nebraska political | ) | |
| subdivision, and DAVID BLESSING, | ) | |
| individually and in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on several motions filed by the parties in preparation for trial. The Defendants' First Motion in Limine raises three issues. (Filing No. 272) The Defendants seek to prohibit Plaintiff's counsel, Plaintiff, and his witnesses from introducing any evidence or referring to:

1. An investigation by the Department of Health and Human Services ("DHHS") Division of Regulation and Licensure, which was commenced in 2005 regarding Defendant David Blessing;

2. The "revicitmization" of the Plaintiff as a cause of action or an element of damages for the following reasons: a) it is outside the scope of the pleadings; b) it with without legal support as a cause of action or element of damages; c) it is based on speculation and conjecture; and d) introduction of the concept would confuse and mislead the jury.

3. Any testimony by Dean Sitzmann that he now believes that the Plaintiff was sexually assaulted by Michael Kluck for the reason that such testimony would not be relevant, would constitute hearsay, would invade the province of the jury, would unfairly prejudice the defendants, and would likely confuse and mislead the jury.

With regard to the investigation of Blessing by the DHHS, the Plaintiff has represented to the Court that he does not intend to introduce evidence related to the investigation, and that if it becomes necessary to introduce such evidence as the trial

progresses, then the matter will be initially raised outside the hearing of the jury. The Court finds the Plaintiff's information and assurances to be a satisfactory safeguard and will grant the motion consistent with those assurances.

The Plaintiff opposes the second and third parts of the Defendants' motion in limine, arguing that the evidence on each of the issues is relevant. With regard to the second issue, reference and evidence that the Plaintiff has been revictimized, the Court agrees with the Defendants' argument that there is no recognized a cause of action under applicable federal law or Nebraska law based on revictimization. While it is not a separately named element of damages, certainly the concept overlaps with elements of damage that are recoverable under Nebraska law if a breach of fiduciary duty is demonstrated or a constitutional violation is shown. Accordingly, the Court will grant the motion to the extent, if any, that Plaintiff seeks to assert a separate cause of action based on "revictimization," but the Court will deny the motion to the extent that the Defendants seek to prevent reference to it as a part of the damage that the Plaintiff allegedly sustained.

The third issue relates to the testimony of Dean Sitzmann. Sitzmann, as the attorney who represented the Elwood Public School District ("EPSD") in the *Kelly* litigation, facilitated the production of an affidavit signed by Doe for use in the *Kelly* litigation in which Doe stated that he had not been sexually abused by Michael Kluck. Sitzmann has testified that he *now* believes that Kluck sexually abused Doe. The Plaintiff would like to show that Sitzmann's current belief is contrary to the position that the EPSD has taken in this litigation. The relevance of Sitzmann's current belief is not readily apparent, because Sitzmann's statement was made outside the scope of any actual, implied or apparent agency relationship with EPSD. Nevertheless, because the contradiction between

Sitzmann's currently-stated belief and EPSD's position in this litigation may have some relevance, I will deny this portion of the Defendants' motion in limine without prejudice to reassertion at a later time.

The Plaintiff has also filed a motion in limine (Filing No. 279) seeking to keep the Defendants from introducing evidence or making reference to the following:

1. The amount of the settlement in *Kelly v. Elwood Public School District* based on lack of relevance and Fed. R. Evid. 403;

2. Collection and small claims actions against Doe and Jamie Utterback based on relevance, and Rule 403 and as being improper character evidence under Rule 404;

3. Any criminal charges against Doe that did not result in a conviction under Rules 401, 403, and 404;

4. Criminal convictions of Doe for offenses not punishable by a term of imprisonment that exceeds one year and for convictions relating to dishonesty and false statements under Rules 401, 403, 404 and 609;

5. Police contacts with Doe that did not result in conviction for an offense punishable by a term of imprisonment of more than one year based on Rules 401, 403, and 404; and

6. The criminal, employment and educational histories of Doe's brothers based on Rules 401, 403, and 404.

The Defendant objected to the Plaintiff's motion in limine as untimely. (Filing No. 280). The deadline for filing motions in limine was July 13, 2007, which was set on February 5, 2007. Defendants note that they complied with the filing deadline; the Plaintiff did not; and they ask that the Court deny Plaintiff's motion in its entirety. It is true that the Defendants timely filed their motion in limine, and the Plaintiff did not, having filed his motion on July 25, 2007. The Court has considered whether the Defendants have been prejudiced by the delay and finds that there is no unfair prejudice. Indeed, the Court notes

that the Defendants' objection does not even mention prejudice to them caused by the late filing. The Plaintiff's counsel has provided the Court with an affidavit outlining the reasons for missing the deadline, and under these particular circumstances, the Plaintiff's motion in limine will be accepted out of time.

The Defendant's brief in opposition to the Plaintiff's motion does not address the amount of the *Kelly v. Elwood Public School District* settlement, and the Court cannot see its relevance to this case. The motion in limine will be granted as to the amount paid as part of the *Kelly* settlement agreement.

The Defendants make no substantive argument in opposition to the parts of the motion in limine seeking to exclude reference to and evidence of collection and small claims actions against Doe and Jamie Utterback; criminal charges against Doe that did not result in a conviction; and criminal convictions of Doe for offenses punishable by a term of imprisonment that is less than one year and for convictions relating to dishonesty and false statements. Except for evidence relating to convictions of Doe for charges based on dishonesty and false statement, which will be discussed in greater detail during the pretrial meeting in chambers, the Court concludes that the matters identified in Plaintiff's motion in limine, above-numbered two through five, are not relevant; or if they are relevant, the probative value of the evidence is outweighed by the unfair prejudicial effect on the Plaintiff and should be excluded under Fed. R. Evid. 403.

With regard to the sixth issue raised by the Plaintiff relative to the criminal, employment and educational histories of Doe's brothers, which he seeks to exclude based on Rules 401, 403, and 404, the Defendants contend that Plaintiff's own expert witness, Jon Conte, Ph.D., has stated that in diagnosing post traumatic stress disorder, it is

important to know the background and experiences of the patient's siblings. Defendants have provided a excerpt from Dr. Conte's deposition that supports the assertion. Based on Dr. Conte's deposition testimony, the Court will deny the motion as to evidence relating to the experiences of Doe's siblings as they relate to diagnosis of Doe's condition. Of course, Plaintiff's counsel is free to raise whatever objections she deems necessary when the evidence is offered.

The Court will also take this opportunity to address a concern raised in the Plaintiff's trial brief relative to witness Dean Sitzmann's role, and the role of his attorney, during the trial of this case. Sitzmann was not named as a defendant in this case. He will appear only in his capacity as a witness, and he is expected to testify regarding his representation of EPSD during the *Kelly* litigation. Witnesses who are subpoenaed to testify at trial must do so. They are entitled to consult with counsel before taking the witness stand. Witnesses are not entitled to have their own personal attorneys interject during the trial. If Mr. Sitzmann asserts an attorney-client privilege to any matter, the propriety of the assertion of the privilege will be considered at side bar or otherwise outside the presence of the jury.

IT IS ORDERED:

1. Defendants' Motion in Limine (Filing No. 272) is granted in part and denied in part consistent with the memorandum;

2. Plaintiff's Motion in Limine (Filing No. 279) is denied as to the evidence related to Doe's siblings' experiences and education, is held in abeyance as to convictions relating to dishonesty and false statement, and is granted in all other respects;

3. Defendants' Objection to Plaintiff's Motion In Limine (Filing No. 280) is overruled;

4. Defendants' Motion to Strike Plaintiff's Brief at Filing No. 283 (Filing No. 287) is denied; and

5. Plaintiff's Motion for Leave to Submit Evidence Index Opposing Defendants' Motion in Limine (Filing No. 288) is granted in the interest of completeness.

DATED this 3rd day of August, 2007.

                              BY THE COURT:

                              s/Laurie Smith Camp
                              United States District Judge